Jacob Ambs, Appellant, *v.* Frederick Hill, Respondent.

March 22, 1881.

1. A tenant may remove fixtures, if the removal can be effected without serious injury to the freehold.

2. The question as to whether the removal can be had and leave the freehold in as good condition as before, is for the jury.

3. Where it is admitted that if an absent witness were present he would swear that the fixtures could be removed without injury to the freehold, it is error to take the case from the jury, there being evidence to support the plaintiff's case in other respects.

4. Where an affidavit for a continuance sets forth the facts which an absent witness would prove, and the continuance is denied on the ground that the other party admits in writing that the absent witness would prove certain facts, if it is contended by the party applying for the continuance that the written admission and the affidavit differ in any material particular, and he does not offer to read to the jury the affidavit but reads the admission, he waives the point and will be presumed to have accepted the ruling of the court.

Appeal from the St. Louis Circuit Court, Lindley, J.
*Reversed and remanded.*
Frederick Gottschalk, for the appellant.
David Murphy, for the respondent.

Bakewell, J., delivered the opinion of the court.
This action was originally brought before a justice for

$100, the alleged value of a cooking-range which defendant is said to have converted to his own use. On trial anew in the Circuit Court, it appeared that plaintiff held a chattel mortgage on the furniture of a saloon carried on by one Schultz. Schultz rented the premises from defendant. Schultz was about to remove the mortgaged chattels; and, in accordance with the mortgage and by permission of defendant, plaintiff took possession of the goods, and was proceeding to remove them. Schultz was in default for his rent; and defendant had obtained judgment for possession under a landlord's summons, under which summons an execution had issued. Plaintiff was about to remove the range, but was forbidden to do so by the constable, on the ground that the range was so built into the chimney that it could not be removed without serious injury to the house. Defendant assented to the action of the constable, and the range was, therefore, left on the premises; and the succeeding tenant of defendant took it down, sold it for $3, and expended $16 in restoring the premises to the condition in which they were before the removal of the range.

On the trial, plaintiff applied for a continuance, on the ground of the absence of two witnesses, as to one of whom the affidavit stated, that he would swear, amongst other things, that this range could be removed without any detriment to the building, and that it was not attached to the building. The application for a continuance was overruled, defendant admitting that this witness would so testify. There was abundant evidence on the part of the defendant that the range was so built into the house that it could not be removed without serious damage.

1. The rule in regard to the removal of fixtures is, that the article must be capable of removal without serious injury to the freehold; the removal must leave the premises in as good condition after the removal as before. It is a question for the jury to determine, in all cases, whether, on these

principles, a given article is removable or not.   Taylor's L. & T., sect. 550.

The court, at the conclusion of the trial, instructed that on the evidence, plaintiff could not recover.   In view of the admission as to what the absent witness would prove, we think that this action cannot be sustained.   If the article was not a fixture, and could be removed without any injury to the freehold, it would seem that plaintiff had a right to take it away with the other furniture of the saloon. The weight of the evidence undoubtedly was that the article was not removable, but the question was for the jury. It cannot be said, in view of the admission, that there was no substantial evidence to go to the jury as to the position that the range was not attached to the building, and was removable.

2.  Appellant complains that the trial court, instead of compelling defendant to admit that the absent witness would prove what was set out in the affidavit for a continuance, refused the continuance on plaintiff's agreeing to admit matters set out in a writing which was not identical with the affidavit.   We see no error in this, for two reasons : because the admissions seem to cover everything material in the affidavit ; and, also (and this is enough in itself), because plaintiff was entitled to read the statements in the affidavit (so far as they were material and competent, at least), to the jury as an admission, the application for a continuance being overruled.   Rev. Stats., sect. 3596.   He did not offer to do so, but read the admissions from the paper prepared by defendant.   By this action appellant waived the point.   He should have offered to avail himself of his privilege under the statute ; and if this had been then denied him by the court, on saving an exception, he would have been in a position to raise the question here.

We think that the judgment must be reversed, for the reason above given.   It is so ordered, and the case remanded. All the judges concur.